# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HALEIGH GERARD,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEBRASKA, TAMMY RHODMAN, LPN, in her individual and official capacities, XANN LINHART, APRN, in her individual and official capacities, SUE BOYD, RN, in her individual and official capacities,<br><br>    Defendants. | CASE NO. 4:22cv3098<br><br><br><br>PROTECTIVE ORDER |

Before the Court is the parties Joint Motion for Entry of Stipulated Protective Order (Filing No. 23).  Upon consideration of the Joint Motion, the Protective Order is entered as follows:

1.	This joint motion pertains to certain documents of the State of Nebraska Department of Correctional Services (NDCS), which have been, or maybe, requested by Plaintiff and co-Defendant Rhodman in the discovery process.  These documents include confidential Operational Memorandums, Post Orders and Administrative Regulations.

2.	The material deemed confidential has been marked "CONFIDENTIAL" in red lettering on the first page of the Operational Memorandums, Post Orders and Administrative Regulations.  NDCS has deemed the material confidential for the safety and security of their facilities.  The confidential material is not to be made available to inmates or the general public.

3.	The above-identified documents and any copies thereof shall be utilized by the parties in connection with discovery, pretrial proceedings, preparation for trial, trial, appeal and/or settlement, and for no other purpose, and shall not be disseminated, published, shown or otherwise disclosed to any person or entity except as provided herein.  The documents are not to be filed with the clerk or served upon Plaintiff or co-Defendant.  If offered into evidence, the documents are to be reviewed by the Court *in camera*.

4.	All persons to whom the documents are disclosed pursuant to this Order shall:

a.	Be responsible for keeping such control over said documents so as to ensure said documents are not lost, misplaced, or inadvertently disclosed.

      b.      Not reveal the contents of the documents to any person not subject to the terms of the Court's protective order.

      c.      Not reveal or use the contents of the documents except for purposes set forth in Paragraph 3 above.

5.      The documents or any information contained therein shall be treated as confidential pursuant to the terms of this joint motion.

6.      After this action is terminated by the entry of a final order from which no-further-appeals may be taken, the documents and the information contained therein shall not thereafter be disclosed to any third party and shall be returned to the agency which provided said documents or otherwise destroyed.

7.      This order is to remain in force until and unless modified by the Court for good cause shown.

8.      Before the parties disclose any documents specified herein to an expert, counsel shall first provide a copy of the court's protective order to such expert, and shall inform he expert of the following:

      a.      The expert must review the order.

      b.      The expert must keep the documents confidential.

      c.      The expert must comply with the provisions of the court's protective order.

**IT IS SO ORDERED.**

DATED this 26th day of September, 2022.

BY THE COURT:

Michael D. Nelson
United States Magistrate Judge