# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **HALEIGH GERARD,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **STATE OF NEBRASKA, TAMMY RHODMAN, LPN, in her individual and official capacities; XANN LINHART, APRN, in her individual and official capacities; and SUE BOYD, RN, in her individual and official capacities;** <br><br> **Defendants.** | **4:22CV3098** <br><br> **AMENDED CASE PROGRESSION ORDER** |

This matter comes before the Court after a telephonic hearing held with counsel for the parties on April 13, 2023, on the Joint Motion to Amend Order of Case Progression (Filing No. 40). After a review of the motion and for the reasons discussed during the telephonic hearing, the Court finds good cause for the requested case progression deadline extensions. Accordingly,

**IT IS ORDERED** that the Joint Motion to Amend Order of Case Progression (Filing No. 40) is granted, and the initial case progression order is amended as follows:

1) Until further order of the Court, discovery shall be limited to the issues of qualified and sovereign immunity. To avoid burdening witnesses and the unnecessary duplication of time and expense needed to depose the same witness more than once, any witness deposed in preparation for asserting or defending against qualified immunity or sovereign immunity defenses shall be deposed as to all issues.

2) The status conference scheduled for May 15, 2023, is cancelled. A status conference to discuss case progression and the parties' interest in settlement will be held with the undersigned magistrate judge on **November 15, 2023,** at **11:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

3) The deadline for completing written discovery limited to immunity issues under Rules 33, 34, 36, and 45 of the Federal Rules of Civil Procedure is **November 15, 2023**. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by **November 29, 2023**.

**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court.

4) **Experts:**

   a. The deadline for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is **June 6, 2023**.

   b. The deadline for completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   |  |  |
   |---|---|
   | For Plaintiff: | **July 17, 2023** |
   | For Defendant: | **September 18, 2023** |

   c. The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **December 14, 2023**.

5) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **December 8, 2023**. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is twelve (12).

6) The deadline for filing motions to resolve immunity issues is **February 5, 2024**. Further case progression will be deferred until after resolution of such motions.

7) The parties shall contact the undersigned's chambers within ten (10) days after a ruling on any motions on immunity issues to set a status conference to discuss further progression of any remaining issues.

8) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 13th day of April, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.