IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HALEIGH GERARD, | |
| **Plaintiff,** | 4:22CV3098 |
| vs. | |
| STATE OF NEBRASKA, TAMMY RHODMAN, LPN, in her individual and official capacities; XANN LINHART, APRN, in her individual and official capacities; and SUE BOYD, RN, in her individual and official capacities; | SECOND AMENDED CASE PROGRESSION ORDER |
| **Defendants.** | |

This matter comes before the Court on the Plaintiff's Motion for Enlargement of Time in Which to Identify Expert Witnesses (Filing No. 56). Counsel for Defendants advised the Court by email that they do not consent to the motion. However, after a review, the Court finds Plaintiff has demonstrated good cause for the requested extensions, and that Defendants will not be prejudiced by the short extensions. Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Enlargement of Time in Which to Identify Expert Witnesses (Filing No. 56) is granted, and the amended case progression order is amended as follows:

1) Until further order of the Court, discovery shall be limited to the issues of qualified and sovereign immunity. To avoid burdening witnesses and the unnecessary duplication of time and expense needed to depose the same witness more than once, any witness deposed in preparation for asserting or defending against qualified immunity or sovereign immunity defenses shall be deposed as to all issues.

2) **Experts:**

   a. The deadline for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is extended to **July 12, 2023**.

      b.    The deadline for completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

| | |
|---|---|
| For Plaintiff: | **August 11, 2023** |
| For Defendant: | **October 18, 2023** |

      c.    The deadline for filing motions to exclude testimony on *Daubert* and related grounds remains **December 14, 2023**.

3)    A status conference to discuss case progression and the parties' interest in settlement remains scheduled with the undersigned magistrate judge on **November 15, 2023,** at **11:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4)    The deadline for completing written discovery limited to immunity issues under Rules 33, 34, 36, and 45 of the Federal Rules of Civil Procedure remains **November 15, 2023**. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by **November 29, 2023**.

    **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court.

5)    The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, remains **December 8, 2023**. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is twelve (12).

6)    The deadline for filing motions to resolve immunity issues remains **February 5, 2024**. Further case progression will be deferred until after resolution of such motions.

7)    The parties shall contact the undersigned's chambers within ten (10) days after a ruling on any motions on immunity issues to set a status conference to discuss further progression of any remaining issues.

8)    The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

9)    All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 8th day of June, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge