IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HALEIGH GERARD,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, and TAMMY RHODMAN, LPN, in her individual and official capacities;<br><br>                Defendants. | 4:22CV3098<br><br>ORDER |

        This matter comes before the Court on the Motion for Leave to File Amended Answer to Plaintiff's Complaint (Filing No. 97) filed by Defendant, Tammy Rhodman, LPN ("Rhodman"). Rhodman seeks leave to file an amended answer to plead the affirmative defenses of vicarious liability and qualified immunity. Both the Plaintiff and the State of Nebraska oppose Rhodman's motion. (Filing No. 100; Filing No. 102). For the following reasons, the Court will deny the motion.

## BACKGROUND

        Plaintiff filed this action in the District Court of York County, Nebraska, on March 10, 2022. The defendants removed the case to this court on May 26, 2022. (Filing No. 1). Plaintiff seeks to recover damages for her fear, pain, and suffering "pursuant to the provisions of the Nebraska State Tort Claims Act and 42 U.S.C. § 1983" after she suffered a miscarriage on March 14, 2020, while incarcerated at the Nebraska Correctional Center for Women ("NCCW") in York, Nebraska. In her amended complaint, Plaintiff asserted negligence claims against the State of Nebraska and Rhodman, and § 1983 claims against Rhodman and other individual defendants based on their alleged violations of her rights "under the United States Constitution to be free from excessive punishment and deliberate indifference to her safety, as well as a right to due process and equal protection, by employees of governmental entities." (Filing No. 20).

Rhodman, a licensed practical nurse, was one of Plaintiff's healthcare providers in prison during her pregnancy. Rhodman was employed by Technical & Medical Staffing ("TMS") and was working at NCCW under the supervision of Tanita Troester ("Troester"), NCCW's Director of Nursing. Plaintiff was early in her second trimester on March 13, 2020. At about 10:00 p.m. on that date, Rhodman treated Plaintiff and documented Plaintiff's vaginal cramping, bleeding, physical pain, and emotional distress, and decrease in fetal heartbeat. Nevertheless, Plaintiff was sent back to her cell. No one checked on Plaintiff during the night, and around 6:30 a.m. the next morning, Rhodman found Plaintiff in her cell and learned she had lost the baby in her cell toilet. Rhodman discarded the fetal remains by flushing the toilet, although the parties dispute whether Plaintiff gave her permission to do so. (Filing No. 90).

On August 9, 2022, the Court entered an initial case progression order limiting discovery to the issues of qualified and sovereign immunity. (Filing No. 15). This order set the deadline to amend pleadings or add parties for August 29, 2022. Plaintiff filed an amended complaint on August 26, 2022. (Filing No. 20). Rhodman filed an answer to the amended complaint on September 12, 2022. (Filing No. 22). The parties thereafter requested several extensions of certain case progression deadlines, but never requested an extension of the deadline to move to amend pleadings.

On May 23, 2024, Rhodman moved for partial summary judgment "as to Plaintiff's claim of Punitive Damages and under 42 U.S.C. § 1983," asserting she "was not acting under color of state law at the time of the at-issue incident" and "did not act with deliberate indifference in her care and treatment of" Plaintiff. On July 24, 2024, Chief Judge Robert F. Rossiter denied Rhodman's motion, determining Plaintiff "has adduced sufficient evidence to conclude that Rhodman was acting under color of state law when she provided medical care to [Plaintiff] in prison under Troester's supervision." (Filing No. 90 at p. 3).

Rhodman thereafter filed the instant motion on September 3, 2024, seeking leave to file an amended answer to plead the affirmative defenses of vicarious liability and qualified immunity. Rhodman contends that, at the time she filed her answer to the amended complaint, "not all facts surrounding this case were known" to her. (Filing No. 97 at p. 2). Specifically, she points to the Court's determination that there was "sufficient evidence to conclude that Rhodman was acting under color of state law when she provided medical care to [Plaintiff] in prison" in the Court's July

2

24, 2024, Memorandum and Order denying her motion for partial summary judgment as a basis to amend her answer.

Both the Plaintiff and the State of Nebraska Defendant oppose Rhodman's motion. (Filing No. 100; Filing No. 102). Both parties point out that Rhodman has not explained what newly discovered facts or evidence support her untimely amendment. Plaintiff represents that Plaintiff "has not served discovery requests for over eighteen months, and has deposed no one except Haleigh (in July 2023) and Plaintiff's expert witness, Dr. Noah Nattell (in April 2023)." (Filing No. 100 at p. 3).

## DISCUSSION

Federal Rule of Civil Procedure 15 provides that the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend, and "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted).

Additionally, when a party seeks leave to amend under Rule 15(a) outside of the time period established by a scheduling order, the party must first demonstrate good cause under Rule 16(b). See *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). In this case, the Court entered an initial case progression order on August 9, 2022, which set the deadline to amend pleadings or add parties for August 29, 2022. Rhodman filed the present motion on September 3, 2024, over two years after the deadline. Therefore, she must demonstrate good cause to amend her pleading. See *Sherman*, 532 F.3d at 716.

"The movant's diligence in attempting to meet the case management order's requirements is the 'primary measure' of good cause." *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024), *reh'g denied*, No. 22-2250, 2024 WL 1561617 (8th Cir. Apr. 11, 2024) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D.

3

Mo. 1989). "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then [the court] may conclude that the moving party has failed to show good cause." *Midwest Med. Sols.*, 95 F.4th at 607 (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). Although prejudice to the nonmovant resulting from modification of the scheduling order may be a relevant factor, the court will generally not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. See *Sherman*, 532 F.3d at 717 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Leave to amend pleadings should also be denied where the party unduly delayed in seeking the amendment. "Undue delay" is generally understood to occur "when a party waits until the eleventh hour of its case to file its motion to amend." *Nitride Semiconductors Co. v. Digi-Key Corp.*, No. 17-CV-4359 (JRT/LIB), 2020 WL 13016670, at *3 (D. Minn. Aug. 10, 2020) (internal quotation marks omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii*, 512 F.3d at 497.

Here, the Court finds Rhodman has failed to establish good cause to allow her extremely belated motion to amend her answer. First, in Rhodman's brief in support of her motion, she only cites the more liberal standard for amending pleadings under Rule 15(a), but does not address the more rigorous "good cause" standard under Rule 16(b) when seeking to amend pleadings outside the Court's scheduling order. (Filing No. 98). Next, after review of the docket and circumstances of this case, the Court independently finds good cause does not support Plaintiff's untimely motion for leave to amend. See *Sherman*, 532 F.3d at 716. Plaintiff's amended complaint filed in August 2022 specified Rhodman was being sued in both her individual and official capacities under the NSTCA and § 1983. (Filing No. 20). Rhodman's proposed affirmative legal defenses of qualified immunity and vicarious liability are routinely asserted by defendants sued for such claims, even though it appears her primary defense is that she was not a state actor. The record also does not reflect that newly discovered facts or evidence have prompted the untimely motion. Rhodman has not served discovery requests for over eighteen months, and even her own brief points to depositions taken in 2023 as containing "many new facts" regarding her training and supervision by the NDCS that were not previously available when she filed her answer in September 2022. (Filing No. 103 at pp. 3-4). That may be so, but this motion was filed in September 2024; Rhodman does not explain why facts garnered in 2023 support her untimely motion in late 2024.

4

Instead, Plaintiff appears to suggest that the Court's denial of her motion for partial summary judgment is all that prompted the instant motion to amend. (Filing No. 98 at p. 4). The Court's unfavorable ruling and view of the parties' relative legal positions does not constitute "newly discovered facts" establishing good cause for her belated amendment. See *Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp.*, 852 F.3d 732, 740 (8th Cir. 2017) ("Defendants argue that the need to amend was only brought to light by the District Court's conclusion" concerning the allegations in the complaint, but "[a]s the district court stated, Defendants are responsible for pleading their case without the Court's assistance.") (internal quotation marks omitted)). Simply put, had Rhodman been diligent, she would have asserted these defenses much earlier in the litigation. See *Sherman*, 532 F.3d at 718 (concluding the defendant did not show good cause to untimely add affirmative defenses discover "at the close of discovery and during research and preparation for [its] summary judgment motion," which was "effectively a concession that [the defendant] did not explore the applicability of the preemption defense before the summary judgment stage of the litigation.").

Because Rhodman has not established good cause under Rule 16(b), the Court need not consider prejudice to the other parties. See *Sherman*, 532 F.3d at 717. Nevertheless, the Court also considers that the other parties will be prejudiced if the Court allowed Rhodman's untimely amendment, as the State asserts it certainly would need to do additional discovery if she was allowed to raise, at the eleventh hour, vicarious liability and qualified immunity defenses. (Filing No. 102); see *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend."). Under the circumstances, the Court finds Rhodman's motion should be denied. See *Cody Foster & Co. v. Urban Outfitters, Inc.*, 2015 WL 1981980, at *1 (D. Neb. May 4, 2015) ("Where there is 'no change in the law, no newly discovered facts, or any other changed circumstance,' the court will generally not find good cause to amend."). Accordingly,

**IT IS ORDERED:**

1. Tammy Rhodman, LPN's Motion for Leave to File Amended Answer to Plaintiff's Complaint (Filing No. 97) is denied.

2. A planning conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings is scheduled before the undersigned magistrate judge on **January 8, 2025**, at **10:30 a.m.** by telephone. Counsel shall use the conference instructions at [Filing No. 105](#) to participate in the call.

Dated this 16th day of December, 2024.

                                BY THE COURT:

                                s/Michael D. Nelson
                                United States Magistrate Judge